Judge Robertson
delivered the opinion of the Court.
This was an action of slander, by Condren and wife, against Gardner. The declaration contained five counts, the last of which is defective, because it recites words which are not actionable.
The plaintiffs succeeded in the first trial, on the general issue. The jury found a general verdict for $60 in damages. On motion, the court arrested the verdict for the defectiveness of the fifth count; to which the plaintiffs excepted.
On the second trial the verdict was for the defendant, and the court rendered judgment upon it.
To reverse this judgment and the opinion of the court, on the motion for arrest, this writ of error is prosecuted.
There can be no doubt the verdict was good, and that therefore, the court erred in setting it aside.
In Chitty and Tidd, and other books on pleading and practice, the doctrine is laid down explicitly, and without any discrepancy, that a general verdict on several counts, any one of which is bad, cannot be sustained. And this is perfectly consistent with the philosophy of pleading, and results from the plainest principle. But it is overruled by a statute of this state. By the 43d section of the act regulating civil proceedings, it is provided, that uzohere there are several counts, one of, which is faulty, and entire damages are given, the verdict shall be, good, but the defendant may apply to the court to instruct the jury to disregard such faulty count;” 1 Pig, 265,
Denny, for the appellant.
Wherefore, the judgment is reversed, the last verdict set aside, and the cause remanded, for a judgment to be entered in favor of the plaintiffs, on the verdict in - their favor.